UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JENNIFER LINN WILSON,<br><br>　　　　Debtor.<br>_____/ | No. C 13-5981 PJH<br>Bankr. Case No. 13-11374 AJ<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL** |

Chapter 11 debtor in possession Jennifer Wilson has filed a notice of appeal and motion for leave to file appeal from an interlocutory order of the bankruptcy court, entered on December 6, 2013, revoking leave to employ attorney Daniel Hanecak to represent debtor's bankruptcy estate. The notice of appeal and motion for leave to file appeal were filed in the bankruptcy court on December 20, 2013, and were transmitted to the district court. No opposition to the motion for leave to appeal has been filed pursuant to Federal Rules of Bankruptcy Procedure 8003. Having carefully considered the papers and the relevant authority, the motion for leave to appeal is DENIED.

## LEGAL STANDARD

Appeals from decisions of the bankruptcy court are governed by 28 U.S.C. § 158. Subdivision (a)(3) permits appeals to district courts of interlocutory bankruptcy orders and decrees, "with leave of court." Where, as here, the underlying bankruptcy court order involves the appointment or disqualification of counsel, "courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context." *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992). To determine whether leave to appeal an interlocutory order is warranted under section 158(a)(3), the court may look to the analogous provisions of 28 U.S.C. § 1292(b), which govern appellate review by the courts of appeals of interlocutory district court orders. *Belli v. Temkin (In re Belli)*, 268

B.R. 851, 858 (B.A.P. 9th Cir. 2001).  Under this standard, leave to appeal is proper where, "the appeal presents a meritorious issue on a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal would materially advance the ultimate termination of the litigation." *Id.* at 858.

## DISCUSSION

On November 18, 2013, the bankruptcy court issued an order to show cause after determining from the court docket that debtor's attorney, Mr. Hanecak, appeared to have served creditors with an unapproved disclosure statement in violation of section 1125(b) of the Bankruptcy Code and Rule 3017 of the Federal Rules of Bankruptcy Procedure.  After conducting a hearing on December 6, 2013, the court determined that Mr. Hanecak served copies of an unapproved disclosure statement on all creditors in direct violation of section 1125 and Rule 3017(a).  Upon consideration of available remedies for the violation, including monetary fines, appointment of a trustee, disallowance of votes, or subordination of claims, the bankruptcy court determined that the most appropriate remedy was to terminate authorization for Mr. Hanecak to represent the bankruptcy estate, giving the debtor some time to obtain competent counsel.  Dec. 6, 2013 Memorandum re Dissemination of Unapproved Disclosure Statement.  The bankruptcy court also held that to cure Mr. Hanecak's improper actions, "[a]ny replacement counsel approved by the court must first obtain court approval of a method properly informing creditors that their votes were solicited improperly before proceeding to seek confirmation of a plan." *Id.* Accordingly, the bankruptcy court revoked leave to employ Mr. Hanecak and terminated his employment.  Dec. 6, 2013 Order Revoking Authorization to Employ.

In seeking leave to appeal, debtor argues that the order terminating Mr. Hanecak's employment was based on a determination that serving the unapproved disclosure statement to creditors, who had not requested it, violated Rule 3017 and section 1125(b) of the Bankruptcy Code governing improper solicitation of creditor's votes.  Debtor fails to demonstrate either (1) that the question whether counsel violated section 1125(b) and Rule 3017, by sending the unapproved disclosure statement to all creditors, involves a

controlling question of law as to which there is substantial ground for difference of opinion, or (2) that an immediate appeal would materially advance the ultimate termination of the litigation.

Under Ninth Circuit authority, a "controlling question of law" is one where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347 (9th Cir. 1988) (denying leave to appeal from denial of motion for disqualification of counsel) (citation omitted). Here, Mr. Hanecak's employment is merely collateral to the issues to be determined in debtor's bankruptcy proceedings, and the bankruptcy court has indicated how it will proceed after approving new counsel to represent debtor. The issue whether Mr. Hanecak violated provisions of the Bankruptcy Code or Rule 3017 would not, therefore, materially affect the outcome of the bankruptcy proceedings.

Furthermore, appeal from the bankruptcy court's interlocutory order would not materially advance termination of the bankruptcy proceedings. Debtor argues that the termination order required her to find new counsel at a difficult time, during the holiday season, and suggests that "she will not be able to find new counsel to continue the administration of her case before the dismissal and conversion deadline of January 17, 2014, resulting in severe prejudice to her case." Mot. Leave to File Appeal at 6. Debtor contends that immediate re-employment of Mr. Hanecak would allow her to proceed to resolution of the bankruptcy proceedings, but briefs have not yet been filed on the interlocutory appeal. Here, as in *Shurance*, "an interlocutory appeal might well have the effect of delaying the resolution" of debtor's bankruptcy proceedings. *Shurance*, 839 F.2d at 1348. If debtor seeks additional time to obtain new counsel, she must seek appropriate relief from the bankruptcy court.

## CONCLUSION

For the reasons set forth above, the motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. section 158(a)(3) and Bankruptcy Rule 8003 is DENIED. The appeal is hereby dismissed. This order terminates the case and all pending motions on this court's

3

docket.

The clerk is directed to serve a copy of this order on debtor Jennifer Linn Wilson, 1416 Gravenstein Hwy N, Sebastopol, CA 95472, and to transmit a copy of this order to the clerk of the bankruptcy court.

**IT IS SO ORDERED.**

Dated:  January 10, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge